**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

**Criminal Case No. 03-CR-00611-LTB**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**1. AVERY MAC CRACKEN,
   Defendant.**

---

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND REASONS
FOR ORDER OF DETENTION**

---

**THIS MATTER** came before the Court for a detention hearing and preliminary hearing on a Petition on Supervised Release and Warrant for Arrest of Supervised Releasee on December 26, 2006. Present were the following: Wallace Kleindienst, Assistant United States Attorney, Robert C. Duthie, III, counsel for the Defendant, and the Defendant. Also present was Robert Dowd, Probation/Pretrial Services Officer.

The Petition alleges that on or about May 10, 2006, August 18, 2006, October 6, 2006, October 11, 2006, October 20, 2006, October 28, 2006, November 1, 2006 and November 7, 2006, the Defendant used or administered a controlled substance, marijuana, that had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release and that the Defendant failed to provide urine samples at Drug Testing, Inc., Telluride, Colorado, the testing and treatment program in which the probation officer had directed him to participate on April 14, 2006 and April 29, 2006, which constitutes a Grade C violation of supervised release. During the hearing on December 26, 2006, the Defendant waived detention and his right to a preliminary hearing under Rule 32.1 of the Federal of Criminal Procedure. Based upon the facts alleged in the Petition and in light of the Defendant's waivers, the court finds that probable cause exists to believe that the defendant violated one or more conditions of his release.

Under Rule 32.1, the court "may release or detain the [defendant] under 18 U.S.C. § 3143(a) pending further proceedings. The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the [defendant]."

1

In making my findings of fact, I have taken judicial notice of the information set forth in the Petition on Supervised Release and the Defendant's waiver of the preliminary hearing. I have also considered the defense counsel's statement that his client does not contest the government's request for detention.

As a result, after considering all of these factors, I conclude that there is clear and convincing evidence that no condition or combination of conditions for release will reasonably assure the safety of the community.

**IT IS HEREBY ORDERED** that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

**IT IS FURTHER ORDERED** that the Defendant be afforded reasonable opportunity for private consultation with counsel; and

**IT IS FURTHER ORDERED** that, on order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

The Defendant will be notified of his next Court appearance.

**DATED and ENTERED** this 26th day of December, 2006.

                **BY THE COURT:**

                **s/David L. West,**
                **United States Magistrate Judge**

Copies to:  [ ] AUSA   [ ] Defendant/Defense Counsel   [ ] Federal Public Defender
            [ ] United States Marshal   [ ] Pretrial Services/Probation